IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ESTHER VALLES,

    Plaintiff,

vs.                                              Civ. No. 97-1700 MV\LCS

KENNETH S. APFEL,
COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

Proposed Findings

    1.  This matter comes before the Court upon Plaintiff's Motion to Reverse or Remand Administration [sic], filed August 3, 1998.  The Commissioner denied Plaintiff's request for both disability insurance and supplemental security income benefits.  Plaintiff alleges a disability due to back pain.

    2.  The Commissioner denied Plaintiff's applications for benefits both initially and on reconsideration.  After conducting an administrative hearing, the Commissioner's administrative law judge (ALJ) likewise denied the applications.  The Appeals Council did not review the ALJ's decision, thus the final decision of the Commissioner is the ALJ's decision.  Plaintiff now seeks review of that final decision pursuant to 42 U.S.C. §405(g).

    3.  The standard of review in social security appeals is whether the Commissioner's final decision, in this case the ALJ's decision, is supported by substantial evidence.  **Thompson v. Sullivan**, 987 F.2d 1482, 1487 (10th Cir. 1993)(citations omitted).  Additionally, the

Commissioner's final decision can be reversed if the ALJ failed to apply the correct legal tests.  **Id**. (citation omitted).

   4.  In this case, the ALJ determined that the Plaintiff was not disabled because she could return to her past relevant work as a housekeeper/maid.  The Plaintiff raises the following allegations of error with respect to the ALJ's determination:  1) the ALJ relied upon an inconclusive residual functional capacity (RFC) report; 2) the ALJ should have obtained another RFC assessment; 3) the ALJ failed to consider the fact that the Plaintiff does not speak English; and 4) the ALJ's pain analysis was improperly made.

   5.  "To qualify for disability benefits, a claimant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity."  **Id**. at 1486 (citing 42 U.S.C. §423 (d)(1)(A)).  To determine disability, the Commissioner has established a five step sequential evaluation process.  **Id**.  The sequential evaluation process ends if at any step the Commissioner finds that the claimant is disabled or not disabled.  **Id**. (citations omitted).

   6.  The first three steps of the sequential evaluation process are not at issue in this case. At step four, the claimant bears the burden of proving her inability to perform past relevant work. **Andrade v. Secretary of Health & Hum. Servs**., 985 F.2d 1045, 1050-51 (10th Cir. 1993). "Step four of the sequential analysis, at which the ALJ found plaintiff not disabled, is comprised of three phases.  In the first phase, the ALJ must evaluate a claimant's physical and mental residual functional capacity (RFC) - [must find to be work activity on a regular and continuing basis]; in the second, he must determine the physical and mental demands of the claimant's past relevant work . . . .  In the final phase, the ALJ determines whether the claimant has the ability to

meet the job demands found in phase two despite the mental and/or physical limitations found in phase one." **Winfrey v. Chater**, 92 F.3d 1017, 1023 (10th Cir. 1996)(citing **Henrie v. United States Dep't of Health & Hum. Servs.**, 13 F.3d 359, 361 (10th Cir. 1993); Soc. Sec. Ruling 82-62).

      7. The Plaintiff complains first that the ALJ improperly relied on an inconclusive RFC assessment completed on May 15, 1992, Tr. 171-79. In discussing that RFC assessment, the ALJ observed that "[w]hen [the Plaintiff] underwent a functional capacity evaluation, it was noted that she tested positive for symptom magnification behavior and because her functional capacities were determined to be self-limited, it was not an accurate measurement of her true abilities...." Tr. 17. The ALJ then later stated that "[i]n considering all the evidence, subjective and objective, I have determined that [Plaintiff's] pain in itself is not disabling and that she has the capacity to perform at least a full range of light work." **Id**. Nowhere in the ALJ's decision does the ALJ state that he specifically relied upon the May 15, 1992 RFC assessment. In fact, it appears he disregarded it because "it was not an accurate measurement of [the Plaintiff's] true abilities." **Id**. I find that the ALJ did not rely on an inconclusive RFC assessment.

      8. The Plaintiff also argues that the ALJ should have obtained a valid RFC assessment so that a proper step four analysis could have been performed. The Commissioner argues that the ALJ was not required to obtain another RFC assessment because the Plaintiff's own submaximal effort and symptom magnification caused the assessment to be put into doubt. **See** Tr. 174. While the claimant retains the burden of showing that she is disabled at step four, the ALJ has a duty "of inquiry and factual development." **Washington v. Shalala**, 37 F.3d 1437, 1442 (10th Cir. 1994) (citing **Henrie**, 13 F.3d at 361; **accord**, **Winfrey v. Chater**, 92 F.3d 1017 (10th Cir. 1996); Soc.

Sec. Ruling 82-62 (dictating that the Commissioner make the necessary findings at phases two and three of the step four inquiry).  However, "it is not the ALJ's duty to be the claimant's advocate." **Henrie**, 13 F.3d at 361. The Plaintiff in this instance had an opportunity to participate in an RFC assessment.  She claims she could not fully participate because of her alleged pain. That being so, a subsequent RFC assessment would likewise be incomplete due to the alleged pain induced limitations.  Consequently, a second RFC assessment would be invalid.  Under those circumstances, I find that the ALJ did not err by engaging in a futile effort to obtain a valid or conclusive RFC assessment.

9.  Next, the Plaintiff argues that the ALJ failed to consider the Plaintiff's inability to speak English in finding that the Plaintiff could return to her past work as a housekeeper/maid.  As the Commissioner aptly noted, the Plaintiff was able to work previously as a housekeeper/maid despite her language deficiency.  I, therefore, find that the ALJ did not err by failing to consider the Plaintiff's inability to speak English when making his step four determination.

10.  Finally, the Plaintiff contends that the ALJ did not properly analyze the allegation of disabling pain. To analyze properly a claimant's assertion of disabling pain, the ALJ must first determine whether the claimant has established by objective medical evidence that she has a pain-producing impairment.  **Musgrave v. Sullivan**, 966 F.2d 1371, 1375-76 (10th Cir. 1992)(citing **Luna v. Bowen**, 834 F.2d 161, 163-64 (10th Cir. 1987)).  If the claimant establishes a pain-producing impairment, then the ALJ must consider whether there is a "loose nexus" between the proven impairment and the subjective allegation of pain.  **Id**.  If the ALJ finds that there is a "loose nexus," the ALJ must decide whether after considering all of the objective and subjective evidence, the claimant's pain is in fact disabling.  **Id**. At this point, "the absence of an objective

medical basis for the degree of severity of pain may affect the weight to be given to the claimant's subjective allegations of pain, but a lack of objective corroboration of the pain's severity cannot justify disregarding those allegations." **Luna**, 834 F.2d at 165.

11. In this case, the ALJ found that the Plaintiff has a "pain-producing impairment associated with her condition" and that "credit must be given to subjective complaints." Tr. 16. The ALJ then discussed the medical evidence as well as the Plaintiff's testimony. Tr. 16-17. Based on that objective and subjective evidence, the ALJ concluded that the Plaintiff 's allegation of disabling pain was not credible. Tr. 17. I find that the ALJ's analysis of the pain issue was sufficient under the **Luna** standard. Consequently, the ALJ did not err in making his pain analysis.

## Recommended Disposition

I recommend denying the Plaintiff's Motion to Reverse or Remand Administration [sic] and affirming the Commissioner's final decision. Timely objections to the foregoing may be made pursuant to 28 U.S.C. §636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to §636(b)(1)(C), file written objections to such proposed findings and recommendations. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
Leslie C. Smith
UNITED STATES MAGISTRATE JUDGE